IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1997 SESSION

FILED

May 14, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| | ) | NO. 01C01-9609-CC-00391 |
| Appellee, | ) | |
| | ) | WILLIAMSON COUNTY |
| v. | ) | |
| | ) | Hon. Donald P. Harris |
| JARROD C. ADREON | ) | |
| | ) | (Crim. Neg. Homicide) |
| Appellant | ) | |
| | ) | |

For the Appellant:

Thomas L. Whiteside
Fowlkes & Whiteside
172 Second Avenue N., Ste. 214
Nashville, TN. 37201-1908

For the Appellee:

John Knox Walkup
Attorney General & Reporter

Lisa A. Naylor
Assistant Attorney General
2nd Floor Cordell Hull Building
425 Fifth Avenue North
Nashville, TN. 37243-0493

Joseph D. Baugh, Jr.
District Attorney General

Derek K. Smith
Assistant District Attorney
Williamson Co. Cthse. Ste. G-6
Franklin, TN. 37065

John W. Barringer, Jr.
Assistant District Attorney
Williamson Co. Cthse. Ste. G-6
Franklin, TN. 37065

OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER

OPINION

The appellant, Jarrod C. Adreon, appeals as of right the conviction and sentence he received in the Circuit Court of Williamson County. The appellant was indicted for vehicular homicide resulting from alleged conduct creating a substantial risk of death or serious bodily injury to a person. Tenn. Code Ann. § 39-13-213(a)(1) (Supp. 1994). After a jury trial, appellant was convicted of criminally negligent homicide and was sentenced as a Range I offender to one (1) year in the Department of Correction.

He contends on appeal that he was improperly convicted and sentenced for an unindicted offense that is not a lesser included or lesser grade or class offense of vehicular homicide. After a review of the record, we affirm the judgment of the trial court.

On November 11, 1994, the appellant, at the age of eighteen, attended a party with some friends near Franklin, Tennessee. While socializing and playing drinking games, the appellant consumed two shots of vodka and a drink mixed with vodka and orange juice. He stayed at the party for approximately three hours before leaving to drive the victim, Danielle Fawcett, home in her black Chevrolet Camaro.

Around 12:20 a.m. that morning, Officer Steven Sullivan of the Franklin Police Department observed a black Camaro exit Interstate 65 and turn onto Highway 96. He began following the Camaro after he clocked it accelerating above 46 miles per hour. When the Camaro reached a speed of 79 miles per hour, Officer Sullivan turned on his blue lights to pull the vehicle over. The driver of the car, later identified as the appellant, ignored the Officer's lights and accelerated to get away. Officer Sullivan continued to follow the Camaro and a high-speed chase ensued.

Officer Sullivan stayed behind the Camaro for approximately two hundred yards before sounding his sirens. The appellant admitted that he observed the flashing lights and sirens; however, he continued to accelerate hoping to out run the police officer. The appellant swerved to and from the right-hand lane of Highway 96 and

2

eventually turned onto Mack Hatcher Bypass. Officer Sullivan testified that he stayed behind the Camaro for approximately two miles at speeds above ninety miles per hour.

The chase came to an abrupt end after the appellant drove across the second bridge on Mack Hatcher Bypass. While crossing the bridge, appellant hit a dip in the road and lost control of the car. Officer Sullivan observed the car swerve into the left-hand lane, spin back across the road, and launch off an embankment into a grassy field. The car flipped several times across the field before coming to rest upon its wheels. The passenger, Danielle Fawcett, was thrown from the car and killed almost instantly.

On appeal, the appellant contends that he was improperly convicted of an unindicted offense that is not a lesser included or lesser grade or class offense of vehicular homicide.

We find that by neglecting to raise the issue during the jury charge and at the motion for a new trial, the appellant has waived this challenge to his conviction.

Nevertheless, assuming *arguendo* that the issue is properly before this Court, we conclude that it is without merit. Criminally negligent homicide is a lesser grade or class offense of vehicular homicide. See State v. Hollis Ray Williams, No. 03C01-9406-CR-00209 (Tenn. Crim. App. at Knoxville, July 23, 1996). Therefore, in light of the evidence supporting appellant's conviction, the trial court properly instructed the jury on criminally negligent homicide. See Tenn. Code Ann. § 40-18-110(a) (Supp. 1994); State v. Trusty, 919 S.W.2d 305, 310-11 (Tenn. 1996).

The appellant next contends that the trial court erred in considering two enhancement factors: (10) the defendant had no hesitation about committing a crime when the risk to human life was high; and (16) the crime was committed under circumstances in which the potential for bodily injury to a victim was great. Tenn.

Code Ann. § 40-35-114 (10),(16) (Supp. 1994). He argues that both enhancers are essential elements of vehicular homicide and criminally negligent homicide.

Although we find that enhancer (16) does not apply to the convicted offense, we nevertheless conclude that the appellant's one (1) year sentence is appropriate.

When an appellant complains of his sentence, we must conduct a *de novo* review of the record. See Tenn. Code Ann. § 40-35-401(d) (Supp. 1994). The sentence imposed by the trial court is accompanied by a presumption of correctness and the appealing party has the burden of showing that the sentence is improper. See id (Sentencing Commission Comments). However, the presumption of correctness is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. See State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In this case, the appellant's sentence is entitled to a presumption of correctness. The trial court started at the one (1) year presumptive sentence for Range I offenders convicted of criminally negligent homicide. From evidence adduced at trial and the sentencing hearing, the trial court found that the sentence should be enhanced by two aggravating factors: (10) no hesitation about committing a crime when the risk to human life was high; and (16) the crime was committed under circumstances in which the potential for bodily injury to a victim was great. Tenn. Code Ann. § 40-35-114 (10), (16).

The trial court next balanced those enhancers against a finding of two mitigating factors: (6) the defendant, because of his youth, lacked substantial judgment in committing the offense; and (11) the defendant committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated his conduct. Tenn. Code Ann. § 40-35-113 (6), (11). From those findings, the trial court ordered appellant to serve the minimum one (1) year sentence.

4

The appellant argues that enhancers (10) and (16) are not applicable because they are essential elements of vehicular homicide and criminally negligent homicide. Initially, we note that the appellant was not convicted or sentenced for the offense of vehicular homicide. We, therefore, limit our analysis to the application of enhancers (10) and (16) to the conviction of criminally negligent homicide.

The Tennessee Criminal Sentencing Reform Act of 1989 provides that a sentence may not be enhanced by factors constituting "essential elements" of the convicted offense. See Tenn. Code Ann. § 40-35-114 (Supp. 1994). The test for determining if an enhancer is an essential element of an offense is whether the same facts necessary to establish the enhancer would also prove an element of the offense. See State v. Jones, 883 S.W.2d 597, 601 (Tenn. 1994).

Criminally negligent homicide is defined as criminally negligent conduct which results in death to a person. See Tenn. Code Ann. § 39-13-212. This Court has previously held that an essential element of criminally negligent homicide is that the defendant's conduct created a substantial and unjustifiable risk resulting in death. See State v. Derek Denton, No. 02C01-9409-CR-00186 (Tenn. Crim. App. at Jackson, Aug. 2, 1996). The same facts necessary to establish that element are also required to show that "the potential for bodily injury to a victim was great." See Tenn. Code Ann. § 40-35-114(16). Therefore, enhancer (16) was not applicable to the appellant's sentence.

Nevertheless, we find that the one (1) year sentence was justified in this case. First, the evidence supports a finding that the appellant had no hesitation about committing a crime when the risk to human life was high. Tenn. Code Ann. § 40-35-114 (10) (Supp. 1994). While the risk of death to the victim, Danielle Fawcett, was an essential element of criminally negligent homicide, there was proof that the appellant also jeopardized his own life, the lives of other drivers, and the life of the pursuing officer. That evidence was not necessary to establish appellant's guilt and was

5

properly considered under enhancer (10).  <u>See</u> <u>State v. Bingham</u>, 910 S.W.2d 448, 452 (Tenn. Crim. App. 1995), *per. app. denied* (Tenn. 1995).

Moreover, we agree with the trial court that a sentence of confinement was warranted.  The trial court acknowledged that although the appellant was a presumable candidate for alternative sentencing,[1] a sentence of confinement was necessary to avoid depreciating the seriousness of the offense and to deter others likely to commit similar offenses involving police chases.  Tenn. Code Ann. § 40-35-103 (1)(B) (Supp. 1994).  We find no evidence to disturb that finding and accordingly affirm the appellant's sentence.

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
WILLIAM M. BARKER, JUDGE


CONCUR:


_____
JOE B. JONES, Presiding Judge


_____
JOE G. RILEY, JUDGE

_____

[1] Tennessee Code Annotated section 40-35-102(5) provides that convicted felons who commit the most severe offenses, possess criminal histories, or demonstrate an inability to reform under past efforts at rehabilitation shall be given first priority for sentences involving incarceration.  Under section 40-35-102(6), "[a] defendant who does not fall within the parameters of subdivision (5) and is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary."  The appellant was convicted of a Class of E felony at Range I.

6